FILED

MAR 2 8 2008

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CR-60-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| TIMOTHY TYRONE HORTON, ) | |
| ) | |
| Defendant. ) | |

This case is before the court for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. Defendant was indicted on 20 February 2008 for possession as a felon of a firearm, namely, a rifle with a sawed-off barrel, and ammunition on 10 August 2007, in violation of 18 U.S.C. §§ 922(g)(1) and 924. After careful consideration of the credible information and argument submitted at the hearing, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial, and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required. The government's motion is therefore GRANTED. The information considered by the court includes the pretrial services report and the testimony of the government's witness, a detective with the Raleigh Police Department on the ATF Task Force. Defendant presented no evidence, although he proffered certain facts regarding a possible third-party custodian (*i.e.*, defendant's girlfriend) whom defendant ultimately decided not to propose as a custodian.

The principal findings and reasons underlying the court's determination include the following: substantial evidence of defendant's commission of the offense charged, including statements by defendant's girlfriend and defendant to the police showing that defendant possessed the subject firearm; the gun-related nature of the offense charged and one statement by defendant's girlfriend (she gave a different statement on another occasion) alleging that defendant shot the gun

on the night of his arrest; commission of the offense alleged just thirty-four days after his completion of a prison term lasting from 29 November 2007 until 27 June 2007; defendant's criminal record, including over twenty-five felony convictions, fourteen misdemeanor convictions, probation revocations, commission of offenses while on probation, and incursion of forty-three infractions while in prison; pending state charges brought against defendant on 23 August 2007 for offenses relating to the instant charge, on 18 August 2007 for assault with a deadly weapon with intent to kill inflicting serious injury and related charges, and on 18 December 2007 for habitual felon; and the potential sentence defendant faces.

The court considered evidence offered as mitigating, principally defendant's professed decision to turn his life around, but finds that the factors favoring detention outweigh such evidence. Also, although defendant did not ultimately propose his girlfriend as a third-party custodian, the facts proffered regarding her strongly suggested that she would not be a suitable custodian. These include the facts that there are two minor children in the home and she was involved in the incident resulting in the instant charge against defendant.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of March, 2008.

                                                                        James E. Gates
                                                                        United States Magistrate Judge