UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-60-1F

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>TIMOTHY TYRONE HORTON, )<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the court on Defendant's Motion for New Trial [DE-114], timely filed on January 11, 2011, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Although adequate response time was provided, the Government has decided not to file a response in opposition to this motion. This matter is now ripe for disposition.

## PROCEDURAL AND FACTUAL HISTORY

The grand jury, on February 20, 2008, charged Defendant in a single-count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant was tried on June 9, 2009, which resulted in a mistrial following the jury's inability to reach a unanimous verdict.

On November 18, 2009, Defendant was retried for the same offense and found guilty. During this trial, Raleigh Police Department Officer Nickel and ATF Special Agent Fanelly testified that during a February 4, 2008 unrecorded custodial interview at the Raleigh Police Department, Defendant made an oral confession to having possessed a firearm on August 10, 2007. Both officers further testified that, because the interview was not related to a homicide investigation, the conversation with Defendant was not recorded.

1

Before Defendant's sentencing hearing, on October 6, 2010, the Government provided Defendant with a compact disc which included a report by Officer R. Miller of the Raleigh Police Department ("Miller Report"), which showed that he was indeed the subject of a homicide investigation. The report included statements of witnesses, details of the attempted recovery of the sawed-off shotgun, and the use of Defendant's photograph in a photo lineup, all related to the shooting death of Charmika Harris. Defendant has also provided the court with a written declaration, by his prior counsel R. Clarke Speaks, which claims that the Government did not provide the report mentioned above to Defendant prior to his June 2009 trial, which resulted in a mistrial, and his November 2009 retrial that resulted in his conviction.

## ANALYSIS

Defendant argues that the post-trial discovery of evidence that Officer Nickel of the Raleigh Police Department ("Officer Nickel") and ATF Special Agent Fanelly ("Agent Fanelly") were, in fact, involved in the homicide investigation of Defendant in the shooting death of Charmika Harris entitles him to a new trial. Specifically, Defendant contends that he should have been allowed to use the Miller Report to rebut Officer Nickel's and Agent Fanelly's representation that they declined to record their February 4, 2008 interview of Horton on the ground that the interview was not related to a homicide investigation, as well as impeach Nickel's and Fanelly's credibility for so testifying at trial.

### A. Rule 33 of Federal Rules of Criminal Procedure

Rule 33 states, in pertinent part, that:

The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice...A motion for a new trial based on the ground of newly discovered evidence may be made only before or within three years of final judgment...

Fed.R.Cr.P. 33. The court begins this analysis by finding that Defendant's Motion for a New Trial [DE-114] has been timely filed.

### B. Factors Governing Rule 33 Motions for a New Trial

It is well-established in this circuit that, in analyzing whether newly discovered evidence requires a new trial, the court must consider five factors:

> (1) The evidence must be, in fact, newly discovered, i.e., discovered since the trial;
> (2) Facts must be alleged from which the court may infer diligence on the part of the movant;
> (3) The evidence relied on must not be merely cumulative or impeaching;
> (4) It must be material to the issues involved; and
> (5) It must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993)(quoting *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987)). "Without ruling out the possibility that a rare example might exist, we have never allowed a new trial unless all five elements were established." *United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001). Consequently, evidence proffered by Defendant that is "merely impeaching," and only goes to the credibility of a witness does not generally warrant the granting of a new trial. *United States v. Stockton*, 788 F.2d 2010, 220 (4th Cir. 1986) (citing *United States v. Williams*, 415 F.2d 232, 233-234 (4th Cir. 1969)). However, this is not to suggest that newly discovered evidence for the purposes of impeachment may never be sufficient[1] for a retrial:

> If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial...

---

[1] It is worthy to note that Defendant's case does not fall under the narrow exception described in *United States v. Curtis*. That exception would only apply if the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases. Under those circumstances, the district judge would have the power to grant a new trial.

3

*United States v. Curtis*, 988 F.2d at 1359 (quoting *United States v. Taglia*, 922 F.2d 413, 415 (7th Cir. 1991)).

Here, even without examining whether the Miller Report is indeed "newly discovered" or whether Defendant exercised "due diligence" in discovering the evidence, Defendant's request for a new trial fails on the grounds that the subject evidence serves no other purpose than to impeach the credibility of two witnesses who testified at trial: Officer Nickel and Agent Fanelly. Based on the precedent set in this circuit, Defendant is not entitled to a new trial supported by the lone reason that the evidence could have been used to impeach the credibility of witnesses at trial.

Assuming *arguendo*, that the Miller Report presented by Defendant was deemed to be "newly discovered," Defendant exercised due diligence in discovering this material, and the evidence served a greater purpose than to merely impeach the credibility of the witness, Defendant's request for a new trial still falters because the subject evidence likely would not result in the Defendant's acquittal at a new trial. The Miller Report does not include any evidence which would exonerate the Defendant from his crime of having possessed a firearm and ammunition on *August 10, 2007*. The main substance of the Miller Report deals with the investigation regarding the shooting death of Charmika Harris on *August 17, 2007*. The report includes interviews with various witnesses, notes on the attempted recovery of the sawed-off shotgun purportedly used in the shooting, and a short transcript of Defendant denying, during an interview, his involvement with the shooting. In fact, the report does not even *remotely* touch upon whether Defendant was in possession of a firearm and ammunition on August 10, 2007. Ultimately, Defendant has failed to allege any facts or legal arguments to support a suggestion that, had the Miller Report been disclosed prior to trial, he would have been acquitted.

Based on the aforementioned reasons, Defendant's Motion for a New Trial [DE-114] hereby is DENIED.

SO ORDERED.

This, the 11th day of February, 2011.

JAMES C. FOX
Senior United States District Judge