IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-60-1F
No. 5:13-CV-100-F

| | |
|---|---|
| TIMOTHY TYRONE HORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER AND** |
| | ) **MEMORANDUM &** |
| UNITED STATES OF AMERICA, | ) **RECOMMENDATION** |
| | ) |
| Respondent. | ) |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on February 11, 2013 and Petitioner's motion to file amended pleading filed on July 8, 2014. The government has moved to dismiss the § 2255 motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Petitioner has not responded, and the time for further filings has expired. These matters were referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. Petitioner's motion to amend his § 2255 motion is allowed and, for the reasons stated herein, it is recommended that the government's motion be granted and Petitioner's claims be dismissed.

## STATEMENT OF THE CASE

On June 8, 2009, Petitioner pleaded not guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). In June 2009, Petitioner was tried on the charge, but the jury was unable to reach a verdict and the Court declared a mistrial. Petitioner's retrial began on November 17, 2009, and the jury found him guilty of possession of a firearm by a felon on November 18, 2009. On December 14, 2010, the court sentenced Petitioner to a life term of

imprisonment. Petitioner appealed his sentence, and the Fourth Circuit affirmed the judgment in part and vacated in part and remanded the case. On November 7, 2012, the court resentenced Petitioner to a 293-month term of imprisonment. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner filed his original motion to vacate his sentence on February 12, 2012, asserting the following arguments: (1) pursuant to Amendment 709 of the United States Sentencing Guidelines ("USSG"), Petitioner's status as an armed career criminal is in error; and (2) pursuant to Amendment 742 of the USSG, petitioner should be resentenced absent the 1-point recency enhancement included in his pre-sentencing investigation report. The government filed a motion to dismiss for failure to state a claim on December 17, 2012. Plaintiff did not file a response to the government's motion, but subsequently filed a motion to amend on July 8, 2014. Petitioner's motion to amend his § 2255 motion is ALLOWED. For the reasons set forth below, it is recommended that the government's motion to dismiss be granted.

### I. Procedural Default

The Amendments upon which Petitioner relies were in effect at the time he was resentenced in November 2012. Plaintiff did not appeal his sentence, and he therefore procedurally defaulted these claims. Petitioner has not shown cause or prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent.); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later

2

Case 5:08-cr-00060-BO   Document 164   Filed 05/21/15   Page 2 of 8

addressing those issues on collateral review). Thus, Petitioner is precluded from bringing these claims in a § 2255 motion.

## II. Merits Review

Moreover, even assuming Petitioner had not procedurally defaulted these claims, he has not shown any entitlement to relief. Petitioner's first assignment of error concerns the 709 Amendment's impact on his classification as an armed career criminal. The 709 Amendment does not affect Petitioner's status as an armed career criminal. Under 18 U.S.C. § 924(e)(1), a defendant is classified as an armed career criminal if he has three previous felony convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." The predicates used in determining armed career criminal status do not have to be scored criminal history points. "Where . . . multiple offenses are not part of a continuous course of conduct, they cannot be said to constitute either a criminal spree or a single criminal transaction for the purposes of section 924(e)." *United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995) (alteration in original) (quoting *United States v. Washington*, 898 F.2d 439, 441 (5th Cir. 1990), *cert. denied*, 498 U.S. 842 (1990)) (internal quotation marks omitted). Offenses may occur within a short period of time or against different victims while on the same crime spree, "provided that the perpetrator had the opportunity to cease and desist from his criminal actions at any time." *United States v. Hobbs*, 136 F.3d 384, 390 (4th Cir. 1998) (quoting *United States v. Hudspeth*, 42 F.3d 1015, 1020 (7th Cir. 1994)).

Although Petitioner's criminal history predicates are not all scored, they do qualify as separate offenses that occurred on "occasions separate from one another." 18 U.S.C. § 924(e)(1). Under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the offenses listed in paragraphs

3

11 and 13[1] of Petitioner's Presentence Report are no longer considered predicate felonies. However, the following violent felony offenses occurred on four different days and provided Petitioner with the opportunity to cease and desist his criminal actions, at the very least between each day that the offenses occurred: (1) a common law robbery conviction for an offense on July 29, 2001 (01CRS69133 listed in paragraph 21); (2) three common law robbery convictions for offenses on July 31, 2001 (01CRS69130, 01CRS69134 and 01CRS69131 listed in paragraph 19); (3) three common law/attempted common law robbery convictions for offenses on August 1, 2001 (01CRS68661 listed in paragraph 17; 01CRS68662 listed in paragraph 18; and 01CRS69132 listed in paragraph 20); and (4) a breaking or entering conviction committed on July 27, 2001 (01CRS68703 listed in paragraph 16). Because Petitioner has at least three prior violent felonies that qualify under 18 U.S.C. § 924(e), he is properly classified as an armed career criminal.

Petitioner next maintains that his consolidated convictions should not have been scored in determining his criminal history category. While Petitioner brings his claim under Amendment 709, the court must also consider his petition in light of the Fourth Circuit's decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). Under *Davis*, "a consolidated sentence under North Carolina law is a single sentence" for purposes of the Sentencing Guidelines. *Davis*, 720 F.3d at 216. Petitioner has only two convictions separated by an intervening arrest – the offenses listed in paragraph 16 committed on July 27, 2001, for which Petitioner was arrested on July 31, 2001; and the common law robbery offense set forth in paragraph 18, which was committed on August 1, 2001. Under the rationale of *Davis*, the convictions in paragraphs 17, 19, 20, 21 and 22 would not

---

[1] Paragraph 11 lists convictions of felonious eluding arrest in a motor vehicle and larceny after breaking and entering. Paragraph 13 lists convictions of breaking and entering and larceny after breaking and entering.

4

be scoreable under USSG § 4A1.1(a), (b), or (c). However, current USSG § 4A1.1(e)[2] instructs that one point should be added, up to a maximum of three points, for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) because the sentence was counted as a single sentence. Points would not be added under § 4A1.1(e) for consolidated offenses, such as the sentence imposed upon Petitioner's conviction for attempted common law robbery on November 29, 2011 in 01CRS68661 listed in paragraph 17. Moreover, no points would be assessed under § 4A1.1(e) for sentences imposed upon Petitioner's conviction of two common law robbery counts in 01CRS69130 and 01CRS69134 listed in paragraph 19 because the sentences were consolidated with offenses listed in paragraph 16. However, on the same date Petitioner was convicted of the common law robbery offenses in 01CRS69130 and 01CRS69134, Petitioner was convicted of another common law robbery offense in 01CRS69131. That sentence was not consolidated with any other offenses but is considered part of a single sentence pursuant to 4A1.2(a)(2) since there was no intervening arrest. Because that sentence was not consolidated with other offenses and did not receive any points under (a), (b), or (c), one point would be added under § 4A1.1(e). In addition, Petitioner has three other prior sentences that are considered part of a single sentence pursuant to 4A1.2(a)(2) but were not consolidated with other sentences – a sentence of 20-33 months for common law robbery in 01CRS69132 listed in paragraph 20; a sentence of 20-33 month for common law robbery in 01CRS69133 listed in paragraph 21; and a 20-33 month sentence for common law robbery in 01CRS71238 listed in paragraph 22. While each of these sentences meet the criteria of USSG § 4A1.1(e), a maximum

---

[2] At the time Petitioner was sentenced, this provision was set forth in USSG § 4A1.1(f). Section 4A1.1 was subsequently amended to eliminate the "recency" provision then contained in § 4A1.1(e) and the section was renumbered.

of three points may be added under USSG § 4A1.1(e), resulting in a subtotal of twelve criminal history points based upon Petitioner's prior convictions.

Petitioner is correct that Amendment 742 eliminated the "recency" points previously set forth in § U.S.S.G. § 4A1.1(e) (2009).[3] In Petitioner's case, one point was added because Petitioner "committed the instant offense less than two years after release from imprisonment on a sentence." Even assuming Petitioner had not defaulted on his claims, Petitioner would not be entitled to any relief from the sentence imposed. Eliminating criminal history points for consolidated cases, as well as eliminating the one recency point assessed, Petitioner would still have fourteen criminal history points (twelve points based upon his prior criminal convictions and two points for having committed the offense while on probation[4]), establishing a criminal history category of VI. Although Petitioner was found to be an armed career criminal, that designation did not impact his criminal history category, as his criminal history category was determined pursuant to 4B1.4(c)(1). Thus, his sentence would not be affected by the change in the United States Sentencing Guidelines, and his petition should be dismissed for failure to state a claim.

In his motion to amend, Plaintiff adds a claim of ineffective assistance of counsel, asserting that his attorney performed deficiently at sentencing by failing to object to Plaintiff's status as an armed career criminal in light of Plaintiff's consolidated sentences. To establish ineffective

---

[3] The 2009 edition of the United States Sentencing Guidelines, under which Petitioner was sentenced, provided that one criminal history point should be added for having "committed the instant offense less than two years after release from imprisonment on a sentence." U.S.S.G. § 4A1.1(e). This section was subsequently renumbered, this provision was eliminated and the section was renumbered.

[4] USSG § 4A1.1(d), which adds two points to a defendant's criminal history score for committing an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status" was not changed by Amendment 742.

assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. The defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

As explained above, Plaintiff is properly classified as an armed career criminal, thus Petitioner's attorney did not act unreasonably in failing to object to Petitioner's armed career criminal status at sentencing. Nor is Petitioner able to show that he was prejudiced by his attorney's failure to object. Therefore, Plaintiff's ineffective assistance of counsel claim should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to File an Amended Pleading [DE #163] is GRANTED and it is RECOMMENDED that the government's motion to dismiss [DE #159] be GRANTED and Petitioner's claims be DISMISSED for failure to state a claim.

7

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 21st day of May 2015.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge