IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00060-F-1
No. 5:13-CV-00100-F

| | | |
|---|---|---|
| TIMOTHY TYRONE HORTON, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Objections [DE-165] to the Order and Memorandum and Recommendation [DE-164] of United States Magistrate Judge Kimberly A. Swank, regarding the Government's Motion to Dismiss [DE-159] Timothy Tyrone Horton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-153]. Also before the court is Horton's Motion to Amend [DE-168]. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss, and Horton's Motion to Amend is DENIED.

**I. Factual and Procedural Background**

On February 20, 2008, Horton was charged in a single-count indictment with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Horton's arraignment, held on December 9, 2008, he pled not guilty to Count One. Following a three-day jury trial, the jury reported that they were unable to return a unanimous verdict. The court declared a mistrial, and a new trial was scheduled. Following a second trial, the jury returned a guilty verdict.

Horton's sentencing hearing was held on December 14, 2010, and he was sentenced to

life imprisonment. *See* Judgment [DE-111]. Horton appealed his case to the Fourth Circuit Court of Appeals. In a published opinion [DE-142], the Fourth Circuit Court of Appeals affirmed Horton's conviction, vacated his sentence, and remanded the case for resentencing. On November 7, 2012, the court resentenced Horton to 293 months' imprisonment. *See* Amended Judgment [DE-150]. Horton did not appeal.

Horton filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-153] on February 11, 2013. In his § 2255 motion, Horton argues that (1) pursuant to Amendment 709 of the United States Sentencing Guidelines ("U.S.S.G."), his status as an armed career criminal is in error; and (2) pursuant to Amendment 742 of the U.S.S.G., he should be resentenced absent the one-point recency enhancement included in his Presentence Report. On May 24, 2013, the Government filed a Motion to Dismiss [DE-159], arguing that it was entitled to relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On July 8, 2014, Horton filed a Motion to File an Amended Pleading [DE-163].

On May 21, 2015, the Magistrate Judge issued an Order and Memorandum and Recommendation ("M&R") [DE-164] addressing Horton's § 2255 motion. The Magistrate Judge allowed Horton's Motion to File an Amended Pleading [DE-163]. *See* Order & M&R [DE-164] at 2. The Magistrate Judge found that Horton's claims were procedurally defaulted. *Id.* at 2-3. The Magistrate Judge further found that even if the claims were not procedurally defaulted, Horton had not shown any entitlement to relief. *Id.* at 3-7. The Magistrate Judge recommended that Horton's § 2255 motion [DE-153] be dismissed and the Government's Motion to Dismiss [DE-159] be allowed. *Id.* at 7.

2

Horton filed Objections [DE-165] to the M&R on June 8, 2015. In his Objections, Horton argued that he needed a ninety-day extension of time to file a motion to amend to raise additional constitutional grounds. In an order [DE-167] entered on September 16, 2015, this court allowed Horton ninety days to file his motion to amend. On November 23, 2015, Horton filed his Motion to Amend [DE-168].

## II. Discussion

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### B. Motion to Amend

In his Motion to Amend, Horton argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer an armed career criminal. Specifically, Horton contends that his convictions for North Carolina common law robbery are no longer violent felonies.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil

3

Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

North Carolina common law robbery qualifies as a violent felony within the meaning of the Armed Career Criminal Act ("ACCA") under the force clause, which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015) (quoting portion of U.S.S.G. § 4B1.2(a)(1) that mirrors 18 U.S.C. § 924(e)(2)(B)(i)); *Hairston v. United States*, Nos. 1:11CR313-1, 1:13CV83, 2015 WL 6553895, at *2 (M.D.N.C. Oct. 29, 2015). Common law robbery involves taking property from another through "violence or fear." *State v. Smith*, 292 S.E.2d 264, 270 (N.C. 1982). "Violence" is described by North Carolina courts as "actual force" and "fear" is "constructive force." *State v. Robertson*, 531 S.E.2d 490, 492 (N.C. Ct. App. 2000). Both alternatives require the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Thus, common law robbery is categorically a violent felony.

The "actual force" form of common law robbery is accomplished through "violence,"

4

which is "force to the body." *Robertson*, 531 S.E.2d at 492-93. The force that North Carolina courts have required is substantial, and it meets the definition of physical force applied to both the ACCA and the career-offender guideline.

In *State v. Sawyer*, 29 S.E.2d 34 (N.C. 1944), the Supreme Court of North Carolina explained that the "degree of force used [in a common law robbery] is immaterial, so long as it is sufficient to compel the victim to part with his property or property in his possession." *Id.* at 37. The sufficiency requirement means that a *de minimis* touching is not enough to constitute common law robbery because it must be something more violent.

Similarly, the Supreme Court of North Carolina explained that the force "must be of such a nature as to show that it was intended to overpower the party robbed or prevent his resisting, and not merely to get possession of the property." *State v. John*, 50 N.C. 163, 169 (1857) (emphasis omitted). The sufficiency requirement in *John* guided the Court of Appeals of North Carolina to hold that a simple purse snatching was neither actual nor constructive force for common law robbery. *Robertson*, 531 S.E.2d at 492-93. The court explained that the Supreme Court of North Carolina had "articulated the amount of violence required to constitute actual force" nearly a century and a half earlier in *John*, and mere purse snatching does not rise to the level of "overpower[ing] the party robbed." *Id.* (quoting *John*, 50 N.C. at 169 (emphasis omitted)). Actual force requires force sufficient to "compel the victim to part with his property." *Sawyer*, 29 S.E.2d at 37. The requirement is more than simple battery or a minimal touching: it is a violent force.

The force required for an actual-force common law robbery in North Carolina is sufficient to meet the guidelines' definition of physical force. The kind of force necessary to

"compel the victim to part with his property," *id.*, and to "overpower the party robbed or prevent his resisting," *John*, 50 N.C. at 169 (emphasis omitted), is the kind of force that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Therefore, the "actual force" version of common law robbery constitutes the "use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The "constructive force" form of common law robbery also involves violent force because this form "connotes placing the victim in fear." *Robertson*, 531 S.E.2d at 492. The Supreme Court of North Carolina has explained that the "fear" element refers to fear of bodily injury, specifically the kind of fear that would "induce a man to part with his property for the sake of his person." *Sawyer*, 29 S.E.2d at 37 (internal quotation marks and citation omitted). In determining whether a defendant's prior common law robbery constituted a crime of violence, the Supreme Court of North Carolina examined the elements of the offense to characterize the crime as "a felony involving the use of threat of violence." *State v. Bell*, 603 S.E.2d 93, 117 (N.C. 2004). Even North Carolina's recognition of the "fear" element as constructive "force" demonstrates that "fear" refers to violence. *See Sawyer*, 29 S.E.2d at 37. Because inciting someone to part with their property for fear of injury to their person constitutes the "threatened use of physical force," 18 U.S.C. § 924(e)(2)(B)(i), a common law robbery accomplished through fear is categorically a violent felony.

The Fourth Circuit's unpublished decisions in *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011), and *United States v. Robinson*, 471 F. App'x 118 (4th Cir. 2012) (per curiam), do not undermine the court's conclusion. As unpublished decisions, *Carmichael* and *Robinson* have "no precedential value" in the Fourth Circuit, and they are "entitled only to the

6

weight they generate by persuasiveness of their reasoning." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006); *see* 4th Cir. Loc. R. 32.1. In *Carmichael*, there is no explanation and no reasoning for its one-sentence statement that common law robbery is not a violent felony under the force clause. *See* 408 F. App'x at 770. *Robinson* also addressed the issue in only one sentence. *See* 471 F. App'x at 119. It is possible that the Fourth Circuit did not analyze common law robbery under the force clause because they focused on the more straightforward analysis of the ACCA's residual clause, which still existed at the time. Regardless, these two cases provide no persuasive reasoning for this court to rely upon and are entitled to no weight. *See Collins*, 468 F.3d at 219.

As North Carolina common law robbery is a violent felony, Horton was properly treated as an armed career criminal under § 924(e). Consequently, Horton's Motion to Amend is DENIED on the basis that amendment would be futile.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, the Government's Motion to Dismiss [DE-159] is ALLOWED and Horton's § 2255 motion [DE-153] is DISMISSED. Additionally, Horton's Motion to Amend [DE-168] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However,

when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Horton has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 21 day of January, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge

8

Case 5:08-cr-00060-BO   Document 170   Filed 01/21/16   Page 8 of 8